## DILLAHUNTY v. PARRY & CO.

P & Co. draw, and H their clerk, accepts a bill or change ticket for twenty-five cents, payable when the amount of five dollars in tickets shall be presented at his office. H. having had no office apart from the store house of drawers, and afterwards having left the State, a demand of drawers is not necessary to sustain an action against them.

DILLAHUNTY recovered a judgement against Parry & Co. before a justice of the peace, and they appealed to the Circuit Court. On the trial there, he produced in evidence, as the foundation of his claim, a paper as follows:

25        No. 268.        25

     *Hartwell H. Hobbs,*

Pay the bearer twenty-five cents in current bank notes whenever the amount of five dollars of my change tickets are presented at your office. Bainbridge, Sept. 12, 1821.

           SAMUEL M. PARRY & Co.

Accepted, Sept. 13, 1821.        H. H. Hobbs.

It was proved that Hobbs, at the time of accepting this and other similar tickets, was a clerk in the store of the defendants at Bainbridge; accepted merely for their accommodation; would have incurred no liability to them by failing to pay the tickets when presented; that he had no office separate from the store and counting room of defendants; that no funds were specially set apart under his control for the payment of such tickets; that some time before the warrant issued, the defendants having declined the mercantile business, and their store house, &c. being occupied by other persons, their account against the plaintiff was presented to him by a constable, in whose hands they had placed it for collection. The plaintiff offered to the constable in payment, change tickets as above stated, to an amount exceeding five dollars, which the constable refused to take in payment, having been instructed to receive nothing but silver or gold in payment of the account. Hobbs, the acceptor, then and for some time before, was residing in Tennessee, and was not in the service of defendants.

The Circuit Court decided that the plaintiff, not having demanded payment of defendants, was not entitled

JULY 1827.

Dillahunty
v.
Parry & Co.

to recover.   Having by bill of exceptions stated the evidence, &c. on the record, he prosecuted his writ of error.

Hopkins, for plaintiff.

Clay and Ormond, for defendants.

The CHIEF JUSTICE delivered the opinion of the Court.

In this case, it is not necessary to decide whether notice should be given to the drawer of a demand made of an accommodation acceptor and of his refusal to pay   It is clear that the drawers of this bill intended that it should circulate as a bank note, not that it should have the character of an ordinary bill of exchange.   Hobbs had no interest in it; he accepted merely as the servant of the drawers.   They did not intend that he should incur any liability.   He had no office of his own when he accepted; and for some time before the commencement of the suit, was out of the  employment of the drawers and residing out of the State.   Under these circumstances, we are of opinion that the Circuit Court erred in requiring proof of a demand of the drawers.   Let the judgement be reversed and the cause be remanded.

Judge White having been of counsel, gave no opinion.

Note.  See Chitty on Bills, 258, 359.